**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

NIKKI LYNN KIMBALL, et al.    )
                                    )
       Plaintiffs,           )
                                    )
       v.                        )         1:18CV981
                                    )
SAMUEL HILLIAN, JR., et al.    )
                                    )
       Defendants.          )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Defendants' Application for Leave to Proceed In Forma Pauperis (the "Application") (Docket Entry 1), filed in conjunction with Defendants' Notice of Removal (the "Notice") (Docket Entry 2). For the reasons that follow, the Court will grant Defendants' instant Application for the sole purpose of entering an order remanding this case to state court for lack of subject matter jurisdiction.[1]

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure

---

[1] For reasons stated in William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc., No. 1:11CV887, 2012 WL 214155, at *2-6 (M.D.N.C. Jan. 24, 2012) (unpublished), the undersigned United States Magistrate Judge opts to enter an order rather than a recommendation regarding remand.

the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

The United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted). In considering such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Courts regularly remand removal cases at the required initial review of in forma pauperis applications based on frivolousness due to lack of subject matter jurisdiction. See, e.g., Wake Cnty. Human Servs. v. Davis, No. 5:12-CV-413, 2012 WL 7856618 (E.D.N.C. Oct. 24, 2012) (unpublished), recommendation adopted, 2012 WL 7856619 (E.D.N.C. Dec. 12, 2012) (unpublished), aff'd, 530 F. App'x 272 (4th Cir. 2013); Rosproy v. Rosproy, Civ. Action No. 10-1417, 2010 WL 5479714 (D. Kan. Dec. 30, 2010) (unpublished); Franklin Credit Mgmt. Corp. v. Bryson, No. 1:09cv246, 2009 WL 2151052 (W.D.N.C. July 15, 2009) (unpublished); Fuller v. Evans, No. 1:05CV13, 2005 WL 1743955 (M.D.N.C. Mar. 24, 2005) (unpublished).

"The burden of demonstrating jurisdiction resides with the party seeking removal." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (internal quotation marks omitted). Moreover, this Court "has an independent obligation to assess its subject-matter jurisdiction . . . ." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). A federal court must "construe removal jurisdiction strictly because of the significant federalism concerns implicated." Dixon, 369 F.3d at 816 (internal quotation marks omitted). If federal jurisdiction appears doubtful, then the federal court must remand the action to state court. Id.

DISCUSSION

The Notice purports to remove this case to this Court from the General Court of Justice of the State of North Carolina, "[i]n accordance with Title 28 section 1441 U.S.C. 1443(1) and 1443(2) . . . ." (Docket Entry 2 at 1; see also id. at 4 (identifying Rowan County Superior Court as prior venue).) As an initial matter, Defendants did not comply with the removal procedures set forth in 28 U.S.C. § 1446. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). As part of that removal notice, the defendant must include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Defendants filed only the Notice with an attached "Statement of Truth" (see Docket Entries dated Nov. 26, 2018, to present), thereby failing to satisfy the requirements of Section 1446(a).

In addition, neither the Notice nor the Statement of Truth indicate when Defendants received a copy of the initial pleading. (See generally Docket Entries 2, 2-1.) As a result, Defendants have not shown that they removed this action in a timely manner. Moreover, the file number of the action Defendants seek to remove ("15-SP-496") (emphasis added) suggests that this action commenced in 2015, three years previously. As such, Defendants likely did

4

not receive service of this action within the 30 days prior to the purported removal. See N.C. R. Civ. P. 4(b) (regarding service of process deadlines).

Even setting aside those issues, the Court ultimately lacks subject matter jurisdiction over this action. The Notice states:

> 1. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. 1331 in that claims alleged, therein arises under the laws of the United States.
>
> This court has jurisdiction over all the lower courts, and should hear claims where fraud on the court is evident, and being facilitated by attorneys, elected officials, and lay individuals, representing and misrepresenting themselves as corporate authorities, while knowing that such entities are now incapacitated, and continuing to create harm and injury to the defendants, their families, and property without just cause.
>
> 2. This court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 to hear and determine Plaintiffs State law claims because those claims are related to Plaintiffs Federal Claims and rise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.
>
> 3. Plaintiff is THE STATE OF NORTH CAROLINA GENERAL COURT OF JUSTICE CLERK'S OFFICE and affiliated agencies attached via adhesion contracts .... "Principal is same as Agent; Agent is same as Principal" ...
>
> 4. Defendants, located at 313 Southern Street, East Spencer, North Carolina Territory [28039].
>
> 5. Defendant possesses real interests in property and real estate located at 313 Southern Street, East Spencer, North Carolina Territory [28039], arising from Promissory Note purchased by defendants from Wells Fargo, dated January 7, 2004, and secured by that ce1tain Deed of Trust, dated January 7, 2004, and recorded in Book 997 at

page 691 in the Rowan County Public Registry, North Carolina.

6. Defendants Samuel Hillian Jr., and Jacqueline Hillian, have real interest, title, property, and rights in said property as evident by Rowan Public Registry, referring to Deed of Trust, dated January 7, 2004, and recorded in Book 997 at page 691.

7. Plaintiffs have colluded to illegal attach claims to defendant's property and interests, committing fraud, and using deceit, to support illegal claims.

(Docket Entry 2 at 2-3 (internal subheading omitted) (ellipses and brackets in original).)

The Statement of Truth, in turn, begins with a series of conclusory (and largely non-sensical) assertions about Defendants' capacity to give the Statement of Truth (see Docket Entry 2-1, ¶¶ 1-3, 9, 10), as well as certain "eternal, unchanged principles of Law" and "Commercial processes," including as concerns "Commercial Lien[s]," "Chattel property," and "slavery" (id., ¶¶ 4-8). The Statement of Truth then alleges:

> THAT, the Affiants, on January 7, 2004 were a party to a promissory note that was associated with real property and known as 313 Southern Street in East Spencer, North Carolina [28039], and secured by that certain Deed of Trust, dated January 7, 2004, and recorded January 7, 2004 in Deed Book 997, Page 691, Register of Deeds for Rowan County, North Carolina;(interest of property located at 313 Southern Street, East Spencer, North Carolina [28039].

> THAT, NIKKI KIMBALL et al., its agents, officers, and actors, have acted with malice against Affiants, Samuel Hillian Jr., and Jacqueline Hillian on their alleged basis must produce the Commercial Affidavits of TRUTH, sworn by the claimants to be "true, correct, and complete (certain)," which prove the origin and

6

foundation of their claims and include providing the expressed, written, agreement(s) or contract(s) with the signature of Affiants, thereon, and wherein Affiants has knowingly, intentionally, and voluntarily, in full legal and lawful capacity, agreed to waive or surrender rights to the NIKKI KIMBALL, its agents, officers, and actors, including Nikki Kimball, Shapiro and Ingle LLP, WELLS FARGO BANK, et al., or agreed to become subject to or the slave or property of said entities in any way or in any jurisdiction whatsoever.

Affiants asserts [sic] that In order for a crime to exist, four elements must exist; there must be a defined crime, there must be a victim, and that the victim must have been damaged, and the intent must be established on the part of the accused. Without proof of all four elements, no crime can said to have been committed. In this Affidavit, crimes are defined - namely, slander, violation of the honest services Act, fraud, conspiracy to defraud with malice, and the lack of Duty of Care, the Affiant hereby Notices NIKKI KIMBALL, agents, officers, actors, et al, that they have failed to provide Notice per North Carolina General Statutes, or expressed written authorization to administrate property belonging to The Samuel Hillian Jr., and Jacqueline Hillian as a matter of trust law, and that their reckless disregard of the truth and the eternal Principles of Law have resulted in grave injury and damages to the Affiant, and that Affiants' family, and that Affiants' Family are now the victims.

This Affidavit verifies Notice to Trespassers, NIKKI KIMBALL its agents, officers, actors, and, in their public and private capacities, Nikki Kimball, Shapiro and Ingle LLC, WELLS FARGO BANK, et al., and the intent is established at the end of the thirty (13) day grace period, if NIKKI KIMBALL, its agents, actors, et al fail to produce verified documents and contracts, and expressed, written authorization to administrate property belonging to Samuel Hillian Jr., and Jacqueline Hillian. If NIKKI KIMBALL, et al. fails to rebut (respond to), or provide expressed, written, authorization to administrate said property, Affiants will seek remedy per this Commercial Lien, Court of Equity, and Private Administrate law.

(Id., ¶¶ 11, 13-15 (internal paragraph numbers omitted) (brackets other than as to "sic" in original); see also id., ¶ 16 (attesting to truth of contents).)[2]

From the foregoing, it appears that Defendants seek to remove a foreclosure action based on federal question jurisdiction. However, foreclosure actions do not support federal question jurisdiction. See Trustee Servs. of Carolina, LLC v. Rivera, No. 3:12CV146, 2012 WL 1645534, at *2 (W.D.N.C. May 2, 2012) (unpublished) ("As a matter of law, foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction."); Vecchione v. Option One Mortg. Co., No. 1:09CV380, 2009 WL 3435166, at *1 (M.D.N.C. Oct. 16, 2009) (unpublished) ("The underlying action is a state court action for foreclosure. The complaint in the action raised no federal issues. The fact that [the defendants] now seek[] to raise federal issues in this action and in [their] removal petition does not make the action removable on the basis of a federal question. It is axiomatic that a federal question must appear on the face of the well-pleaded complaint, and raising a federal counterclaim or defense does not make the action removable on the basis of a federal question." (internal quotation marks omitted)); In the Matter of the Foreclosure of the Deed of Trust Dated Feb. 8, 1999, No. 1:03CV527, 2003 WL 21664204, at *2

---

[2] The Statement of Truth does not contain a Paragraph 12.

(M.D.N.C. July 14, 2003) (unpublished) ("[B]ecause the state court action that [the defendants] are attempting to remove is a foreclosure proceeding, there is no federal question jurisdiction that arises in the instant matter.").

Here, Defendants contend that "Plaintiffs have colluded to illegal [sic] attach claims to defendant's property and interests, committing fraud, and using deceit, to support illegal claims." (Docket Entry 2 at 3.) However,

> [Section] 1331 federal question jurisdiction is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law; actions in which defendants merely claim a substantial federal defense to a state-law claim do not raise a federal question. In other words, a defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331.

In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006) (internal citation omitted). The fact that Defendants want to present their own federal question to the Court does not provide a basis for removal. See Fuller, 2005 WL 1743955, at *1. Accordingly, because the Court lacks original subject matter jurisdiction over this matter, Defendants cannot remove it under Section 1441 (using the procedure established in Section 1446). See 28 U.S.C. § 1441 (permitting removal where court possesses original jurisdiction).

Finally, to the extent Defendants seek to remove this action under Sections 1443(1) and 1443(2)(see Docket Entry 2 at 1), that

9

endeavor fails.  To begin, Section 1443(1) applies only upon a showing that the state court would deny the removing party a right "aris[ing] under a federal law 'providing for specific civil rights stated in terms of *racial equality*.'"  Wilkins v. Rogers, 581 F.2d 399, 403 (4th Cir. 1978) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)) (italics in original) (internal ellipses omitted).  In addition, Section 1443(2) "is available only to federal officers and to persons assisting such officers." City of Greenwood v. Peacock, 384 U.S. 808, 815 (1966).  Defendants have not alleged (much less shown) that they have suffered the denial of federal civil rights related to racial equality or that they qualify as a federal officer or person assisting a federal officer.  (See Docket Entries 2, 2-1.)  Accordingly, Defendants' attempted removal cannot stand.[3]

## CONCLUSION

This Court lacks subject matter jurisdiction over this action.

---

[3] As quoted above, Defendants also assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Docket Entry 2 at 2.) In the absence of some separate basis for subject matter jurisdiction over at least one claim, this Court lacks supplemental jurisdiction over any other claims.  See 28 U.S.C. § 1367 (limiting the Court's exercise of supplemental jurisdiction to "any civil action of which the district courts have original jurisdiction"). Lastly, although Defendants have not invoked diversity jurisdiction (see Docket Entries 2, 2-1), any such effort would fail (see Docket Entry 2 at 2 (identifying Defendants as North Carolina residents and Plaintiff as North Carolina court clerk's office "and affiliated agencies"); see also id. at 4 (giving addresses for three Plaintiffs in North Carolina)).

**IT IS THEREFORE ORDERED** that Defendants' Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING ENTRY OF AN ORDER REMANDING THIS CASE TO STATE COURT.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Rowan County Superior Court, Rowan County, North Carolina, for lack of subject matter jurisdiction.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 17, 2018